■ JESSE C. SABLE, Appellant, v ABRAHAM FUCHSBERG et al., Doing Business as FUCHSBERG & FUCHSBERG, Respondents. (Action No. 1.) FUCHSBERG & FUCHSBERG, Respondent, v JESSE C. SABLE, Appellant. (Action No. 2.) FUCHSBERG & FUCHSBERG, Respondent, v JESSE C. SABLE, Appellant. (Action No. 3.) FUCHSBERG & FUCHSBERG, Respondent, v JESSE C. SABLE, Appellant. (Action No. 4.)—In four actions, inter alia, for declaratory judgments as to the rights of the parties to certain legal fees, Jesse C. Sable appeals (1) from a judgment of the Supreme Court, Nassau County (Becker, J.), entered November 5, 1984, which, inter alia, in consolidated actions Nos. 1 and 2, (a) declared that Fuchsberg & Fuchsberg was entitled to 80% of the net fee remaining after payment to other counsel in the case entitled Criscio v Consolidated Rail Corp., and (b) dismissed the appellant's claim for a share of the legal fees in the case entitled Kligman v United States; (2) from a

judgment of the same court, dated November 2, 1984, which, in action No. 3 was in favor of Fuchsberg & Fuchsberg and against him in the principal amount of $2,200; and (3), as limited by his brief, from stated portions of a judgment of the same court, entered November 5, 1984, which, *inter alia,* in action No. 4 dismissed the appellant's counterclaim for indemnity for sanctions imposed in the case entitled *Szilvassy v United States,* after a nonjury trial.

Ordered that the judgment in the consolidated actions Nos. 1 and 2 is modified, on the law and the facts, by adding a provision thereto awarding the appellant judgment against Fuchsberg and Fuchsberg on his third cause of action in the principal sum of $949. As so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a computation of interest and entry of an appropriate amended judgment; and it is further,

Ordered that the judgment in action No. 3 is affirmed, without costs or disbursements; and it is further,

Ordered that the judgment in action No. 4 is affirmed insofar as appealed from, without costs or disbursements.

Applying the well-settled standard of review with respect to nonjury trials *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Matter of Fasano v State of New York,* 113 AD2d 885, 887-888), we conclude that the trial court did not err when it found that the appellant Jesse Sable was an associate of the firm of the respondent Fuchsberg & Fuchsberg and that the agreement with respect to the sharing of legal fees between Sable and the Fuchsberg firm was the arrangement testified to by Abraham Fuchsberg. However, the trial court erred in failing to award Sable 50% of the fee paid to Fuchsberg & Fuchsberg for its services in the so-called *Kligman* matter, apparently having overlooked the Fuchsberg concession that this was the fee agreement in that case.

Since Sable was an associate of the Fuchsberg firm, Code of Professional Responsibility DR 2-107 is inapplicable to the fee-sharing arrangements at issue in this case. We have reviewed Sable's remaining contentions and have found them to be without merit. Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.