■ JAMES H. REIDY, Appellant, v KATHLEEN A. REIDY, Respondent.—In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Westchester . County (Coppola, J.) entered April 18, 1986, which denied his motion for reconsideration of a decision dated March 19, 1986, and (2) from so much of an amended judgment of the same court, dated June 3, 1986, as (a) awarded the defendant $850 per week in maintenance, (b) made an award of the marital assets, and (c) awarded the defendant $20,000 in counsel fees.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying reargument of a decision; and, it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

At trial, the plaintiff alleged that the defendant, his wife, had secreted and wasted marital assets using an elaborate scheme to conceal her wrongdoing. The court found that there was a failure of proof to support the alleged misconduct and it refused to consider economic waste in determining the award for either maintenance or equitable distribution.

On appeal, the plaintiff claims that this finding was in error

and that this court should modify the award to take into account the defendant's economic fault. While we have great discretion to make findings of fact different from that of the trial court if the credible evidence so dictates *(Sable v Fuchsberg,* 128 AD2d 692), upon our review of the record, we must agree with the findings of the trial court that the plaintiff failed to prove by a preponderance of the evidence that the defendant was guilty of the waste and dissipation of marital assets.

The plaintiff further contends that, contrary to the trial court's stated intention, the wife received 60% of the marital assets because the trial court, in determining the manner of distribution, failed to consider the potential tax liability which he would incur upon the sale or liquidation of certain assets. The plaintiff also claims, as he did on his posttrial motion, that the value of the assets he received is substantially less than the value of the assets distributed to defendant. We disagree.

As required by Domestic Relations Law § 236 (B) (5) (d) (10), the court took into account the tax consequences to each party when it made the distribution *(see, Schanback v Schanback,* 130 AD2d 332). Moreover, a substantial amount of the assets awarded to the plaintiff consists of tax-deferred IRAs and employer-funded pension funds, the value of which will grow considerably by the time the plaintiff begins to receive taxable income from them. Any taxes which will be incurred upon the plaintiff's future receipt of these benefits will be more than offset by the increased value of the assets, and we discern no abuse of discretion in the manner by which the assets were distributed. We note, moreover, that there was no evidence offered at trial to support the plaintiff's theory that the stated value of the assets he received is, because of potential tax liability, less than that which was fixed by the trial court, and we discern no abuse of discretion in the denial of plaintiff's posttrial motion.

There was also no error in the award of maintenance to the wife. The fact that the couple may have lived frugally during their marriage does not preclude the court from awarding the defendant the sum which the plaintiff now contends is too high. The record reveals that the court considered all the factors listed in Domestic Relations Law § 236 (B) (6) and we see no reason to disturb the award. The defendant, who had not worked during most of the 20-year length of the parties' marriage, can never hope to earn as much as the plaintiff now does, although she plans to teach full time once she completes

her doctoral program. Furthermore, the court limited the maintenance to a period of six years and the plaintiff's substantial earnings will allow him to pay the maintenance without hardship.

Considering the financial circumstances of each party, the award to the defendant of $20,000 for attorney's fees is well within the discretion available to the court under Domestic Relations Law § 237.

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.