■ DENNIS M. CANNIZZARO, Appellant, v MARY L. CANNIZZARO, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated October 24, 1989, the plaintiff husband appeals from an order of the Supreme Court, Westchester County (Emanuelli, J.), entered June 22, 1990, which denied his motion to have the defendant wife held in contempt of court, and granted the defendant wife's application to vacate two judgments against her.

Ordered that on the court's own motion the plaintiff's notice of appeal is treated as an application for leave to appeal from that portion of the order which granted the defendant wife's application to vacate two judgments against her, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the defendant's application is denied, the judgments dated May 2, 1990, and May 4, 1990, are reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a hearing and new determination on the contempt motion.

The parties' judgment of divorce incorporated a settlement agreement which provided: "The Husband and Wife recognize and acknowledge that they have yet to agree as to a division of the personalty, furniture and furnishings located at the marital home * * * including but not limited to the Husband's claims to a stamp collection and coin collection. In the event that the parties are unable to agree with regard to such matters by December 1, 1989, either party shall be entitled to have the same determined upon application to Supreme Court, Westchester County".

The parties apparently could not come to an agreement regarding a division of their personal property, and the husband moved to compel the wife provide him with certain property contained in the marital residence, in the exclusive possession of the wife. The papers were served on the wife's

attorney, pursuant to the terms of an order to show cause signed by Justice Marbach. The wife failed to oppose the motion, and it was determined by a decision of Justice Marbach stating only "no opposition submit order". The order entered thereon directed the wife to turn over to the husband the items he had requested, or their replacement cost, and pay the husband $500 in legal fees.

The wife failed to comply with Justice Marbach's order, and the husband entered a judgment against her for the legal fees, and another judgment for the value of the personalty that had a monetary value. The husband also moved to punish the wife for contempt for her failure to turn over certain items for which monetary compensation could not be had (figurines, a stamp collection, and a coin collection).

The contempt motion was returnable before Justice Emanuelli and the husband's attorney and the wife, acting *pro se,* appeared on the return date. At that time, the wife asserted that her former attorney (upon whom the original motion papers regarding the division of the property had been served) had not represented her since the divorce was finalized, and that he did not give her a copy of those papers. In opposition, the husband's attorney informed the court that he had talked to the wife's former attorney with respect to the division of the personal property, and that the former attorney stated that he would try to settle the matter with the wife. The wife's former attorney later informed the husband's attorney that he had spoken to the wife, that the issue could not be resolved, that he would no longer be representing her, and that he had given her a copy of the motion papers with respect to the division of the personal property. The husband's attorney further stated that he had received a call from the court that it had heard from the wife and was giving her time to respond to that motion, which she apparently failed to do.

At the conference on the contempt motion, the wife gave the husband's attorney the husband's figurines, and told the attorney that she would turn over the stamp and coin collections to him the following day. The contempt motion was adjourned in order to give the wife time to turn over those items. There is no dispute that the wife subsequently turned over the entire stamp collection. She asserted that she also turned over the entire coin collection, but the husband argues that several coins are missing. Justice Emanuelli rendered the following decision:

"Most of the items of personalty which plaintiff claims were withheld by defendant have been turned over to plaintiff thus

mooting the majority of this application. As to those items not turned over, which defendant denies having, the Court is not convinced that plaintiff has sustained his burden to show deliberate and contemptuous conduct.

"Defendant's *pro se* application to vacate judgments taken against her for failure to turn over items of personalty not the subject of the instant application is granted. Those judgments are based on an order of the Court of January 23, 1990, which order, came about due to defendant's default on an Order to Show Cause of November 30, 1989. Since plaintiff's counsel candidly admitted before this Court that service of the Order to Show Cause was improperly made on defendant's former attorney, the resulting order must be treated as a nullity and any judgments resulting therefrom must be vacated.

"The judgment of May 2, 1990 in the amount of $700.75 and that of May 4, 1990 in the amount of $5,690.81 are vacated and no execution on them shall be had".

We now reverse. "In order to sustain a finding of civil contempt, it is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" *(Walter Doors v Greenberg,* 151 AD2d 550, 551). Thus, the court applied an improper standard in finding that the wife was not guilty of civil contempt. Here, however, because there is a factual issue as to whether the wife turned over whatever of the coin collection had been in her possession, and because the court failed to conduct a hearing on that issue, we remit this matter so that such a hearing may be conducted.

Moreover, we find that the wife's "application" to vacate the judgments taken against her was improperly granted. The application failed to comply with the notice provisions of CPLR 2215 *(see, Marsico v Southland Corp.,* 148 AD2d 503; *Fortanasce v Meyrowitz,* 141 AD2d 606). Additionally, contrary to the court's finding, the husband's attorney never admitted that the wife was improperly served with the original motion papers regarding the division of the personalty. The wife was served in accordance with the provisions of the order to show cause signed by Justice Marbach. Further, she failed to make a proper showing of an excusable default *(see,* CPLR 5015). Thompson, J. P., Rosenblatt, Lawrence and Miller, JJ., concur.