■  Barbara M. Waldmann, Respondent, v Douglas E. Waldmann, Appellant. [647 NYS2d 827] —In an action for a divorce and ancillary relief, the husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Richmond County (Marrero, J.), entered April 25, 1995, which, after a nonjury trial, *inter alia,* (a) awarded the wife

exclusive occupancy of the former marital residence until the parties' youngest child is 21 years old or is sooner emancipated, (b) awarded counsel fees to the wife in the amount of $3,774.75, and (c) directed the husband to name the wife as the beneficiary of two life insurance policies until the youngest child reaches the age of 21 or is sooner emancipated.

Ordered that the judgment is modified, on the law, by (1) deleting from the seventeenth decretal paragraph thereof the number 21 and substituting therefor the number 18, and (2) deleting from the twenty-sixth decretal paragraph thereof the sum of $3,774.75 and substituting therefor the sum of $1,974.75; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the husband's contention, the trial court did not improvidently exercise its discretion in awarding the wife exclusive use and occupancy of the former marital residence. The husband failed to establish that he was in immediate need of the proceeds of the sale of the former marital residence, that comparable housing was available to the wife in the same area at a lower cost, or that the parties were financially incapable of maintaining the residence (*see, Rice v Rice,* 222 AD2d 493). However, the judgment must be modified to provide that the wife's exclusive use and occupancy of the former marital residence will end when the parties' youngest child, who is now 12, turns 18 or is sooner emancipated (*see, Marano v Marano,* 200 AD2d 718, 719; *Cusimano v Cusimano,* 149 AD2d 397, 398; *Behrens v Behrens,* 143 AD2d 617, 619).

We find no merit to the husband's claim that the wife dissipated approximately $160,000 in marital income. The husband failed to establish that the monies allegedly dissipated were used for anything other than proper marital purposes. Although an accountant testified that the wife's spending seemed excessive, he admitted that he could not trace the money, and also admitted that the money could have been used on family purchases. However, the husband is entitled to one-half of $3,600, i.e., $1,800, that the wife kept from an insurance reimbursement check in 1989. The husband had an equal right to the proceeds of the insurance check and the wife admitted that she secreted the money in her locked desk at work for her future legal fees. Accordingly, the husband is entitled to a credit of $1,800 which we have applied to the $3,774.75 award of counsel fees granted to the wife.

We have examined the husband's remaining contentions, and find them to be without merit. Mangano, P. J., Miller, Ritter and Altman, JJ., concur.