■ EASTON & ECHTMAN, P.C., Respondent, v JOEL M. AURNOU et al., Defendants, and PERETZ AMIR, Appellant. [768 NYS2d 462]—

Order, Supreme Court, New York County (Louis York, J.), entered on or about April 17, 2002, which granted plaintiff's motion for partial summary judgment and declared that defendant-appellant Peretz Amir was not entitled to share in legal fees, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings; appeal from order, same court and Justice, entered July

23, 2002, which, insofar as appealable, denied defendant's motion to renew the underlying order, unanimously dismissed, without costs, as academic.

On this record, there is sufficient evidence to raise triable factual issues regarding Amir's relationship with plaintiff law firm, the nature of its financial arrangements with him should he introduce clients to the firm that led to it being retained, whether he did so in this case, and whether, as a result thereof, he was entitled to the fees which he claims. Although the record is less than clear in some regards, Amir's name appears on the firm's letterhead and in the firm's Martindale-Hubbell listing, the latter in a manner that suggests a senior status within the firm. Moreover, Echtman's own deposition testimony suggests that Amir enjoyed a senior status, although the time frame involved and the significance thereof remains unclear on this record. As such, it cannot be said as a matter of law at this juncture that Amir was not associated with plaintiff firm, rendering inapplicable for present purposes the bar imposed by Code of Professional Responsibility DR 2-107 (22 NYCRR 1200.12). Alternatively, the record also precludes, at this time, a finding that Amir had not performed work on the underlying cases and would not be entitled to a fee predicated on services performed (DR 2-107; *Nicholson v Nason & Cohen*, 192 AD2d 473 [1993], *lv denied* 82 NY2d 660 [1993]; *cf. Sable v Fuchsberg*, 128 AD2d 692 [1987]). Rather, there is some suggestion in the record that plaintiff's principal had even directed Amir to cease work on one of the matters in anticipation of an imminent settlement. In either event, these unresolved factual controversies preclude summary dismissal. The record also plausibly supports Amir's allegations that, while he was residing in Israel, his son, an attorney with another firm, had brought the underlying litigation to Amir's attention and, acting solely on his father's behalf, had contacted plaintiff law firm and referred the matters with instructions that they were being referred on Amir's behalf pursuant to their existing agreement regarding apportionment of fees. Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.