SECOND DEPARTMENT, JUNE, 2004

(June 1, 2004)

■ ROSEMARY ALMEDA, Appellant, v MICHAEL C. HOPPER, Respondent. [777 NYS2d 656]—

In a matrimonial action in which the parties were divorced by a judgment dated May 21, 2002, the plaintiff wife appeals (1) from an order of the Supreme Court, Westchester County (Spolzino, J.), dated June 5, 2003, which, inter alia, granted those branches of the defendant's motion which were to direct the sale of the former marital residence and for an award of an attorney's fee, and (2), as limited by her brief, from so much of an order of the same court dated October 3, 2003, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated June 5, 2003, is dismissed, without costs or disbursements, as that order was superseded by the order dated October 3, 2003, made upon reargument; and it is further,

Ordered that the order dated October 3, 2003, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the prior determination granting that branch of the defendant's motion which was for an award of an attorney's fee, and substituting therefor a provision, upon reargument, denying that branch of the motion and vacating that portion of the order dated June 5, 2003, granting that branch of the motion; as so modified, the order dated October 3, 2003, is

affirmed insofar as appealed from, without costs or disbursements.

The judgment of divorce provided, inter alia, that the plaintiff had until a specified date to purchase the defendant's interest in the former marital residence. The judgment of divorce further provided that if the plaintiff did not purchase the defendant's interest by the specified deadline, the former marital residence would be placed on the market for sale. Since the plaintiff failed to articulate any basis for allowing her to purchase the defendant's interest in the former marital residence after the deadline, the motion court, upon reargument, correctly adhered to its prior determination granting that branch of the defendant's motion which was to direct a sale of the former marital residence.

However, the motion court, upon reargument, improperly adhered to its prior determination granting that branch of the defendant's motion which was for an award of an attorney's fee, as there was no finding that the plaintiff's failure to comply with the provisions of the judgment of divorce was willful (*see* Domestic Relations Law § 237 [c]; *Amaris v Amaris,* 305 AD2d 618 [2003]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.