■ VICTORIA LUTZ, Respondent, v BRUCE H. GOLDSTONE, Appellant. [819 NYS2d 64]—

In a matrimonial action in which the parties were divorced by judgment dated May 9, 1994, the defendant former husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated December 20, 2004, as granted that branch of the plaintiff former wife's motion which was to appoint a receiver for the purpose of selling the former marital residence, (2) from an order of the same court dated April 20, 2005, which granted the plaintiff former wife's motion, inter alia, to quash a subpoena duces tecum he issued to the plaintiff's counsel, (3) from an order of the same court dated May 10, 2005, which granted the plaintiff's application to award costs pursuant to 22 NYCRR 130-1.1 in the sum of $1,500 as an attorney's fee to be paid to the plaintiff's counsel, (4) from an order of the same court also dated May 10, 2005, which, after a hearing, among other things,

granted those branches of the plaintiff's motion which were to hold him in civil contempt of the judgment of divorce, and to direct him to pay the plaintiff the carrying costs on the former marital residence from April 1, 2004 to December 22, 2004, in the sum of $33,431.85, and awarded her an attorney's fee pursuant to Domestic Relations Law § 237 in the sum of $29,362.24, and "additional damages" in the sum of $278,863, all upon the closing of the sale of the former marital residence, with leave to the plaintiff to enter a judgment against him in the foregoing amounts if the sale did not take place within 90 days of April 20, 2005, and (5) from a money judgment of the same court dated July 21, 2005, which, upon the second order dated May 10, 2005, is in favor of the plaintiff and against him in the principal sum of $341,657.09.

Ordered that the appeals from the order dated April 20, 2005 and the orders dated May 10, 2005 are dismissed, without costs or disbursements; and it is further,

Ordered that the money judgment is modified, on the law, by deleting therefrom the figure "$341,657.09" and substituting therefor the figure "$31,715.92"; as so modified, the money judgment is affirmed, without costs or disbursements, and the second order dated May 10, 2005 is modified accordingly; and it is further,

Ordered that the order dated December 20, 2004 is affirmed insofar as appealed from, without costs or disbursements.

The appeals from the order dated April 20, 2005 and the first order dated May 10, 2005 are dismissed as abandoned (*see* 22 NYCRR 670.8 [e]), and the appeal from the second order dated May 10, 2005 is dismissed, as that order was superseded by the money judgment.

In light of the acrimonious relationship between the parties, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was to appoint a receiver for the purpose of selling the marital residence (*see Altmann v Finger,* 23 AD3d 591 [2005]; *Martinucci v Martinucci,* 288 AD2d 444 [2001]). However, upon the sale of the subject premises, the plaintiff is to be awarded half of the net proceeds therefrom, in addition to an attorney's fee of $15,000, pursuant to Domestic Relations Law § 237, plus one half of the carrying costs on the marital residence awarded by the Supreme Court ($16,715.92).

The plaintiff did not meet her burden of proving the defendant's alleged civil contempt of the judgment of divorce by clear and convincing evidence (*see Vujovic v Vujovic,* 16 AD3d 490, 491 [2005]). Accordingly, the Supreme Court should not have

granted that branch of the plaintiff's motion which was to hold the defendant in civil contempt (*see* Judiciary Law § 753 [A] [3]). Moreover, based on our determination that the wife did not establish the husband's contempt by clear and convincing evidence, the award by the Supreme Court of $278,863 in "additional damages" was error.

The defendant's remaining contentions are without merit. Florio, J.P., Miller, Ritter and Goldstein, JJ., concur.