■ KEVIN W. HINKSON, Appellant, v VEDA DAUGHTRY-HINKSON, Respondent. [819 NYS2d 535]—

In a matrimonial action in which the parties were divorced by judgment dated December 9, 2003, the plaintiff former husband appeals from an order of the Supreme Court, Kings County (Barros, J.), dated April 1, 2005, which, inter alia, after a hearing, granted the motion of the defendant former wife to hold him in contempt for failing to comply with prior orders directing him to transfer his ownership interest in the former marital residence to the defendant, and awarded damages in the sum of $52,632 to the defendant.

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the defendant damages in the sum of $52,632; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the calculation of the actual loss sustained by the defendant as a consequence of the plaintiff's contempt, pursuant to Judiciary Law § 773.

Contrary to the plaintiff's contentions, the Supreme Court properly adjudicated him in contempt. "In order to sustain a finding of civil contempt, it is not necessary that the disobedience be deliberate or willful; rather, the mere act of disobedience, regardless of its motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Jim Walter Doors v Greenberg*, 151 AD2d 550, 551 [1989]; *see Cannizzaro v Cannizzaro*, 186 AD2d 776 [1992]; *Gordon v Janover*, 121 AD2d 599 [1986]). The plaintiff's failure to transfer his interest in the parties' former marital residence to the defendant constituted disobedience of two court orders and supported the contempt adjudication.

However, the court's award of damages in the amount of $52,632 to the defendant is not supported by the evidence. Judiciary Law § 773 governs the imposition of fines in connection with civil contempt adjudications. That statute provides, in relevant part, that "[i]f an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender, . . . a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party." Indeed, "civil contempt fines must be remedial in nature and effect" (*State of New York v Unique Ideas*, 44 NY2d 345, 349 [1978]), since "[a]ny penalty imposed is designed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate or both" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]).

Here, the evidence indicated that due to the plaintiff's contemptuous conduct, the defendant's loan commitment expired and she was forced to negotiate a new loan at a higher interest rate, thereby sustaining actual loss. However, in calculating the amount of that loss, the court merely multiplied the increase in the defendant's anticipated loan payments by the number of months in the 30-year term of the loan, without discounting the resulting figure to present value or considering other potentially relevant factors affecting the amount of the defendant's actual loss. Accordingly, the amount of damages awarded to the defendant is excessive, and we remit the matter to the Supreme Court, Kings County, for the calculation of the actual loss sustained by the defendant as a consequence of the plaintiff's contempt, pursuant to Judiciary Law § 773.

The plaintiff's remaining contentions are either not properly before this Court or are without merit. Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.