■ VICTORIA LUTZ, Respondent, v BRUCE H. GOLDSTONE, Appellant. ANTHONY R. TIRONE, Nonparty Respondent. [834 NYS2d 531]—

In a matrimonial action in which the parties were divorced by judgment dated May 9, 1994, the defendant former husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated October 20, 2005, as granted the plaintiff former wife's motion for counsel fees, (2) from an order of the same court dated January 19, 2006, (3) from an order of the same court dated January 23, 2006, and (4) from an order of the same court dated March 28, 2006, which, after a hearing, awarded the plaintiff former wife counsel fees in the sum of $60,244.33.

Ordered that the appeal from the order dated January 19, 2006 is dismissed, without costs or disbursements, as the defendant is not aggrieved by that order (*see* CPLR 5511); and it is further,

Ordered that the appeal from the order dated January 23, 2006 is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the orders dated October 20, 2005 and March 28, 2006, respectively, are reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the plaintiff's motion for counsel fees is denied.

On a prior appeal, this Court determined that the plaintiff failed to meet her burden of proving the defendant's alleged civil contempt of the judgment of divorce by clear and convincing evidence (*see Lutz v Goldstone*, 31 AD3d 398 [2006]). Since there was no finding that the defendant's failure to comply with the provisions of the judgment of divorce was willful, the plaintiff was not entitled to counsel fees under Domestic Relations Law § 237 (c) (*see Almeda v Hopper*, 8 AD3d 216 [2004]; *Green v Green*, 288 AD2d 436 [2001]).

The issue of whether the plaintiff was entitled to counsel fees under Domestic Relations Law § 237 (a), although "entrusted to the sound discretion of the trial court . . . is nonetheless controlled by the equities of the case and the financial circumstances of the parties" (*Popelaski v Popelaski,* 22 AD3d 735, 738 [2005]; *see* Domestic Relations Law § 237 [a]). Here, the Supreme Court's determination to grant the plaintiff's motion for counsel fees was an improvident exercise of discretion, given the equities and the circumstances (*see Block v Block,* 296 AD2d 343, 344 [2002]; *cf. Markov v Markov,* 304 AD2d 879, 880 [2003]). We note that the Supreme Court also erred by including in its award counsel fees pertaining to the prior Family Court appeal in the sum of $10,875 (*see Abrusci v Abrusci,* 79 AD2d 980 [1981]).

In light of our determination, we do not reach the defendant's remaining contentions. Miller, J.P., Rivera, Goldstein and McCarthy, JJ., concur.