■ EASTON & ECHTMAN, P.C., Respondent, v JOEL MARTIN AURNOU et al., Defendants, and PERETZ AMIR, Appellant. [835 NYS2d 23]—

Order, Supreme Court, New York County (Louis B. York, J.), entered on or about November 21, 2005, which, after a nonjury trial, denied defendant Peretz Amir's counterclaim for a share of legal fees acquired by plaintiff law firm in an underlying action, unanimously reversed, on the law, without costs, and judgment awarded to said defendant in the amount of $960,000 plus 9% interest from February 4, 1998. The Clerk is directed to enter judgment accordingly.

This declaratory judgment action was commenced by plaintiff law firm, headed by Irwin Echtman, to set the division of a $2.88 million legal fee among it and the three defendant attorneys from the settlement of a discrimination case. Defendant Aurnou settled and defendant Sharon Amir (Sharon) did not assert any claim to a fee. Sharon is the son of Peretz Amir (Amir), the sole remaining defendant on this appeal.

Amir is admitted to practice before the Israeli and New York bars, and had an affiliation with plaintiff firm since 1987. The nature of that affiliation is at issue here.

Amir contends that he is entitled to one third of the total fee as a "member" of the firm. He alleges that he and the firm had a long-standing agreement, under which he would receive one third the proceeds from all matters that he either brought in or referred to the firm. He contends that he brought the discrimination case to the firm. He argues that the fact his name is listed on the firm letterhead and is included in its Martindale-Hubbell entries proves his status as an associate. In this regard, his positions on the letterheads in evidence are noteworthy. From 1988 through 1990, Amir's name appeared on the left side, below a line separating Echtman's name from other attorneys in the firm. It was also below the name of another attorney. In 1994 and 1995, at the time the case in question was referred to the firm, his name appeared on the letterhead below the line. By 1998, both before and after the case was settled, the letterhead listed Amir's name on the left side just below Echtman's and above the line separating their names from the names of other attorneys. All of the letterheads clearly denoted that attorneys listed on the right side were "of counsel." The firm's Martindale-Hubbell entries for 1994 and 1995 were also in evidence and listed Amir's name below Echtman's but above the names of two other attorneys listed as "of counsel."

The firm moved for partial summary judgment declaring that Amir was not entitled to any portion of the fee. The IAS court granted the motion. We reversed that ruling in 2003 and remanded for trial, finding inter alia, triable issues regarding Amir's relationship with and status within the firm, as well as the nature of the financial arrangements between them with respect to clients and matters referred to the firm by Amir (2 AD3d 183 [2003]).

At the trial, Sharon testified that in January 1995, a colleague at his law firm had two people interested in retaining legal counsel with Israeli connections to handle a discrimination case. Sharon called Amir, who was in Israel at the time, and asked if he thought plaintiff could handle the matter. Amir told Sharon to call Echtman directly. Sharon called Echtman and allegedly told him that he had spoken to Amir and wanted to refer these individuals to plaintiff based upon the arrangement between Amir and the firm. Plaintiff agreed and the clients subsequently retained Plaintiff.

Echtman testified that Amir's claim that he was entitled to a one-third fee on any cases he brought into the firm was only

partially accurate. Echtman stated that, in order to be entitled to a one-third fee, Amir had to actually work on the case. He further testified that Amir had no regular hours, was not on salary and did not maintain a regular office within the firm.

Amir testified that while he had no set hours, he worked at the firm daily, doing research and other work. Although not well versed in New York law, he did appear in court on at least two occasions to handle some matters. He testified that he did do some research and investigative work on the discrimination case.

The trial court found for Echtman, holding that Amir's listing in Martindale-Hubbell and on the letterhead did not automatically make him an associate. As Amir had little knowledge of New York law and most of the work he did on the case was of a nonlegal nature, this did not qualify him for a portion of the fee. Amir did not meet the requirements of an associate and thus was not entitled to a fee under these circumstances.

The term "associate" is not defined for purposes of ethical or disciplinary rules. In common legal usage, it is defined as "a lawyer in a law firm," having lesser seniority than a partner (Black's Law Dictionary 132 [8th ed 2004]).

The record before us, although in many respects less than ideal, clearly shows Amir's name on the firm's letterhead and in the firm's Martindale-Hubbell listing. This listing was used by the firm to increase its business by indicating that it had an office in Israel, and Amir was the only attorney in the firm admitted to practice in Israel. Moreover, taken together, the letterhead and the listing, as both evolved over time, indicated that Amir enjoyed a senior status in the firm. Indeed, Echtman's deposition testimony confirmed this senior status.

We note that the Martindale-Hubbell listing in evidence at the trial listed Amir as being "of counsel" to the firm. ABA Commission on Ethics and Professional Responsibility Formal Opinion 90-357 (1990) states that "it is not ethically permissible to use the term 'of counsel' to designate the following professional relationships: a relationship involving only an individual case, . . . a relationship of forwarder or receiver of legal business, . . . a relationship involving only occasional collaborative efforts among otherwise unrelated lawyers or firms, . . . and the relationship of an outside consultant." Thus, plaintiff law firm held Amir out to be either an associate or an attorney acting "of counsel" to the firm.

It is undisputed that Amir was admitted to practice in New York. His unfamiliarity with the law in this jurisdiction is of no import in determining his status vis-à-vis the firm and was not

a proper subject of inquiry in determining that status. Nor was it relevant to quantify the type and amount of work performed by Amir with respect to this case in concluding he was not an associate. There is no question he did some research as well as some type of investigative work, although what exactly either entailed is not clear from the record. Significantly, Echtman at one point told Amir to cease working on the file as a settlement was imminent, thus demonstrating that Amir was in fact doing something on the case. Moreover, defendant Aurnou testified that when he was brought into the case as cocounsel, Echtman discussed the one-third fee arrangement he had with Amir in connection with Aurnou's retainer.

These clients would not have been directed to plaintiff firm were it not for the fact that Amir was associated with it in some capacity, as evidenced by their request for a referral to a firm with Israeli connections.

Accordingly, Amir was entitled to his one-third share of the fee from the settlement.

In view of the foregoing, we need not address the issue of whether Amir was improperly deprived of a jury trial. Concur— Saxe, J.P., Friedman, Marlow, Buckley and Sweeny, JJ.