■ JOSEPH PERITORE, Respondent, v PETRA PERITORE, Appellant. [855 NYS2d 646]—

In a matrimonial action in which the parties were divorced by a judgment dated January 21, 2004, the defendant appeals from an order of the Supreme Court, Putnam County (Miller, J.), dated October 4, 2006, which granted her motion for an award of an attorney's fee only to extent of awarding her the sum of $7,500.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award of an attorney's fee from the sum of $7,500 to the sum of $35,000; as so modified, the order is affirmed, with costs to the defendant.

"The decision to award an attorney's fee lies, in the first

instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (*Burger v Holzberg,* 290 AD2d 469, 471 [2002]; *see* Domestic Relations Law § 237 [a]). "The issue of counsel fees, although entrusted to the sound discretion of the trial court . . . is nonetheless controlled by the equities of the case and the financial circumstances of the parties" (*Lutz v Goldstone,* 38 AD3d 720, 721 [2007] [internal quotation marks and citation omitted]; *see Wald v Wald,* 44 AD3d 848, 850 [2007]).

The Supreme Court improvidently exercised its discretion in awarding the wife, without explanation, the sum of only $7,500 of the $55,631.40 in attorney's fees that remained outstanding.

It is undisputed that the wife never earned more than $23,000 per year during the relevant time period, while the husband earned more than $150,000 per year. Considering the disparity in the incomes of the parties, and the modesty of the defendant's equitable distribution award, the defendant should have been awarded the sum of $35,000 for reimbursement of her attorney's fees (*see* Domestic Relations Law § 237 [a]; *Burger v Holzberg,* 290 AD2d 469 [2002]). That amount takes into account the $3,000 in attorney's fees already awarded to the defendant pursuant a prior order.

The parties' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.