■ SANTA RAYNOR, Appellant, v THOMAS RAYNOR, Respondent. [890 NYS2d 601]—

836

The parties to the instant matrimonial action had been married for nearly 40 years and have three emancipated children. Throughout the marriage, the now 65-year-old defendant was the primary wage earner with annual income of approximately $113,000 by the time the action was commenced. On the other hand, except for a relatively brief period during the marriage, the 62-year-old plaintiff was not employed outside the home, was a homemaker, and did not have a college degree. Upon the defendant's retirement from full-time employment, he expects to receive the sums of approximately $2,300 a month from Social Security and $2,800 a month from his pension.

In 2005, the plaintiff commenced this action against the defendant for a divorce and ancillary relief and obtained an uncontested divorce on the ground of constructive abandonment. The parties disputed the proper ancillary remedies and equitable division of the marital property almost from the inception of the matter.

By pendente lite order dated July 1, 2005, the defendant was directed, inter alia, to pay the plaintiff maintenance in the sum of $300 per week as well as the requisite carrying charges to maintain the marital residence, including a mortgage, homeowners' insurance, utilities, and real estate taxes. The defendant also was directed to maintain the plaintiff's health care, medical, and dental insurance through his employer.

A nonjury trial ensued to resolve the parties' financial disputes and contempt allegations. At trial, the defendant conceded that, inter alia, he stopped paying the real estate taxes after 2004 and made the last mortgage payment on the marital residence in 2006. The Supreme Court issued a lengthy decision on equitable distribution and ancillary relief, which culminated in a judgment of divorce entered September 24, 2008. The plaintiff appeals, and we modify certain provisions of the judgment.

The plaintiff first challenges the amount of the maintenance award. " 'The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts' " (*Brooks v Brooks*, 55 AD3d 520, 521 [2008], quoting *Grasso v Grasso*, 47 AD3d 762, 764 [2008]). In light of the relevant factors, including the plaintiff's lack of education and employment skills, the disparity in the parties' income, and their pre-divorce standard of living, the Supreme Court providently exercised its discretion in awarding the plaintiff initial maintenance in the sum of $600 per week to be reduced to a nondurational award of $200 per week after the defendant's retirement from full-time employment or

the passage of five years. However, the court improvidently exercised its discretion in failing to direct the defendant to pay the cost of the plaintiff's health insurance after the judgment of divorce was entered (*see Pickard v Pickard*, 33 AD3d 202, 205 [2006]).

With respect to the allegations of dissipation, a spouse who alleges that the other spouse engaged in waste and dissipation of marital assets bears the burden of establishing such conduct by a preponderance of the evidence (*see Solomon v Solomon*, 307 AD2d 558, 561 [2003]; *Strang v Strang*, 222 AD2d 975, 978 [1995]; *Reidy v Reidy*, 136 AD2d 614, 615 [1988]; *cf. Waldmann v Waldmann*, 231 AD2d 710 [1996]). Contrary to the Supreme Court's conclusion, the husband conceded that the balance in the parties' checking account was used to pay marital debt and presented no evidence that the plaintiff depleted the checking account by dissipating marital assets. Accordingly, the court should not have directed the plaintiff to reimburse the defendant for "unaccounted" marital funds in the sum of $40,000.

We similarly find that the defendant failed to establish that the plaintiff dissipated the $14,458.69 which she withdrew from the parties' home equity credit line. The plaintiff demonstrated that she used the moneys to pay for the college expenses of the parties' 24-year-old son the year before the action was commenced. While the defendant is not required to reimburse the plaintiff for additional sums spent for their son's tuition after the action commenced (*see Abrams v Abrams*, 57 AD3d 809, 811 [2008]; *Powers v Wilson*, 56 AD3d 642 [2008]), the defendant acknowledged that he was aware of the plaintiff's practice of paying for the son's expenses, which precludes a finding that the plaintiff dissipated these assets (*cf. Waldmann v Waldmann*, 231 AD2d 710 [1996]). Therefore, the plaintiff should have been directed to reimburse the defendant for moneys withdrawn from the home equity line of credit in the sum of $17,570.65 (representing her one-half share of the sum of $35,141.31 [$49,600 withdrawn from the home equity line of credit reduced by the $14,458.69 paid for college expenses]).

Turning next to the court's determination to fine the defendant the sum of $250 for his willful violation of a pendente lite order of support, Judiciary Law § 773 provides that "[i]f an actual loss or injury has been caused to a party to an action or special proceeding, by reason of the misconduct proved against the offender, . . . a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party" (*see Hinkson v Daughtry-Hinkson*, 31 AD3d 608, 609 [2006]). As the plaintiff established

that the parties incurred an actual loss for penalties and late fees after the defendant refused to comply with the pendente lite order, the plaintiff was entitled to be indemnified for her share of the losses incurred (*see Hinkson v Daughtry-Hinkson*, 31 AD3d at 609).

An award of an attorney's fee pursuant to Domestic Relations Law § 237 is a matter for the trial court's discretion, which requires consideration, inter alia, of the merits of the parties' positions and their respective financial circumstances (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Gagstetter v Gagstetter*, 283 AD2d 393 [2001]). As previously noted, the wife relied entirely on the husband's income during the length of their marriage and lacks an alternative means of support. In light of the disparity in the parties' incomes and the amount of equitable distribution, an award of one half of the total attorneys' fees is appropriate (*see* Domestic Relations Law § 237 [a]; *Peritore v Peritore*, 50 AD3d 874, 875 [2008]; *Lutz v Goldstone*, 38 AD3d 720, 721 [2007]; *Maher v Maher*, 196 AD2d 530, 532 [1993]; *cf. Ciociano v Ciociano*, 54 AD3d 797 [2008]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Balkin, Eng and Leventhal, JJ., concur.