■ BARNEY GUZZO, Respondent, v SUSANNE GUZZO, Appellant. [973 NYS2d 265]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Quinn, J.), dated January 23, 2012, which granted her application for an award of an attorney's fee only to the extent of awarding her an attorney's fee in the sum of $35,000.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the defendant an attorney's fee in the sum of $35,000, and substituting therefor a provision awarding the defendant an attorney's fee in the sum of $100,000; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were married in 1997. In 2006, the plaintiff commenced this action for a divorce. After the parties entered into a stipulation of settlement, the defendant applied for an award of an attorney's fee in the sum of $161,707.21. The Supreme Court granted the defendant's application to the extent of awarding her an attorney's fee in the sum of $35,000.

An award of reasonable counsel fees in a matrimonial action is a matter within the discretion of the trial court (*see* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *Quinn v Quinn*, 73 AD3d 887 [2010]). In determin-

ing an application for such fees, the trial court must consider, inter alia, the relative financial circumstances of the parties (*see Siskind v Siskind*, 89 AD3d 832 [2011]; *Quinn v Quinn*, 73 AD3d 887 [2010]; *Raynor v Raynor*, 68 AD3d 835, 839 [2009]; *Peritore v Peritore*, 50 AD3d 874, 875 [2008]). Further, the trial court may also take into account whether one party has engaged in conduct or taken positions resulting in delay or unnecessary litigation (*see Khan v Ahmed*, 98 AD3d 471, 473 [2012]; *Chaudry v Chaudry*, 95 AD3d 1058 [2012]; *Siskind v Siskind*, 89 AD3d 832 [2011]; *Aloi v Simoni*, 82 AD3d 683, 686-687 [2011]; *Quinn v Quinn*, 73 AD3d 887 [2010]; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]).

Here, there is a significant income disparity between the parties, and, as the Supreme Court recognized, the plaintiff's egregious tactics unnecessarily prolonged the litigation and caused the defendant to incur additional legal fees. Under these circumstances, the defendant should have been awarded $100,000 of her outstanding attorney's fee of $158,207 (*see Khan v Ahmed*, 98 AD3d at 473; *Raynor v Raynor*, 68 AD3d at 839; *Peritore v Peritore*, 50 AD3d at 875; *Levy v Levy*, 4 AD3d at 398-399). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.