■ Usha Sutaria, Respondent, v Samir Sutaria, Appellant. [999 NYS2d 139]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), dated July 2, 2012, as granted the plaintiff's cross motion for an award of counsel fees to the extent of awarding her the sum of $73,602.46.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Pursuant to Domestic Relations Law § 237 (a), an award of counsel fees "is a matter within the sound discretion of the trial court, and the issue 'is controlled by the equities and circumstances of each particular case' " (*Prichep v Prichep*, 52 AD3d 61, 64 [2008], quoting *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]; *see Mueller v Mueller*, 113 AD3d 660 [2014]; *Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]). In determining whether to award counsel fees, the court should "review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions" (*DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881 [1987]; *see Guzzo v Guzzo*, 110 AD3d 765, 766 [2013]; *Matter of Baribault v Sauvola*, 101 AD3d 865, 866 [2012]; *Ciampa v Ciampa*, 47 AD3d 745, 748 [2008]). The court may also consider whether either party has engaged in conduct or taken positions resulting in delays of the proceedings or unnecessary litigation (*see Guzzo v Guzzo*, 110 AD3d at 766; *Khan v Ahmed*, 98 AD3d 471, 473 [2012]; *Prichep v Prichep*, 52 AD3d at 64; *Ciampa v Ciampa*, 47 AD3d at 748).

Here, considering all of the relevant circumstances, the

Supreme Court providently exercised its discretion in awarding the plaintiff counsel fees in the sum of $73,602.46. There is a significant income disparity between the parties, and the defendant's conduct throughout these proceedings unnecessarily delayed the litigation (*see Mueller v Mueller*, 113 AD3d 660, 661 [2014]; *Guzzo v Guzzo*, 110 AD3d at 765-766; *Peritore v Peritore*, 50 AD3d 874, 875 [2008]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.