■ In the Matter of MARY DUFF, Formerly Known as MARY GREGORY, Respondent, v JOHN J. GREGORY, Respondent. BARRY M. KARSON, Nonparty Appellant. [24 NYS3d 676]—

Appeal from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated January 12, 2015. The order denied the objection of the petitioner's former attorney, Barry M. Karson, to an order of that court (Rosa Cabanillas-Thompson, S.M.), dated May 27, 2014, which, inter alia, granted his motion pursuant to Family Court Act § 438 to direct John J. Gregory to pay the petitioner's attorney's fees only to the extent of awarding him the sum of $18,806.24.

Ordered that the order dated January 12, 2015, is reversed, on the law, with costs to the nonparty-appellant payable by John J. Gregory, the nonparty-appellant's objection to the order dated May 27, 2014, is granted, the order dated May 27, 2014, is vacated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith.

Barry M. Karson commenced this proceeding on behalf of his client, Mary Duff, formerly known as Mary Gregory (hereinafter the petitioner), against the petitioner's husband, John J. Gregory (hereinafter the respondent), seeking child support and maintenance. Prior to the commencement of this proceeding, however, the respondent had commenced a matrimonial action in the Supreme Court, which was discontinued by an order dated October 20, 2009. That order directed that "all . . . issues that the Family Court is competent to hear (ie, support, custody, parental access) shall be transferred to the Family Court for proceedings in that regard. All other prayers for relief

in the matrimonial action are discontinued." During the course of the Family Court proceeding, Karson sought to recover from the respondent attorney's fees incurred by the petitioner during both the course of the discontinued matrimonial action before the Supreme Court and the Family Court proceeding. The Support Magistrate, however, declined to consider those amounts incurred during the course of the discontinued Supreme Court action. Karson filed objections to the Support Magistrate's order. In an order dated January 12, 2015, the Family Court denied those objections.

The Family Court erred in determining that the Supreme Court's October 20, 2009, order did not transfer to the Family Court the issue of attorney's fees incurred during the Supreme Court action and that the Support Magistrate had no authority to award such fees (*see* Family Ct Act § 438; Domestic Relations Law § 237; *Frankel v Frankel*, 2 NY3d 601, 606-607 [2004]; *O'Shea v O'Shea*, 93 NY2d 187, 189 [1999]). Moreover, since the only Supreme Court order that addressed the issue of the petitioner's attorney's fees was an order granting an interim award, the issue of the attorney's fees had not been disposed of previously by the Supreme Court. Accordingly, we reverse the order dated January 12, 2015, grant Karson's objections to the order dated May 27, 2014, vacate the order dated May 27, 2014, and remit the matter to the Family Court, Westchester County, to consider, in its discretion, whether to grant Karson's motion to direct the respondent to pay those attorney's fees incurred by the petitioner during the course of the Supreme Court action (*see Sutaria v Sutaria*, 123 AD3d 908, 908 [2014]; *Matter of Westergaard v Westergaard*, 106 AD3d 926, 926-927 [2013]). Rivera, J.P., Dillon, Roman and Duffy, JJ., concur.