Appeal by the plaintiff from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated September 30, 2015. The order, insofar as appealed from, granted the plaintiff’s motion for an award of an attorneys’ fee in the sum of $74,682.02 only to the extent of awarding the plaintiff the sum of $5,000.
 

 Ordered that the order is modified, on the law and in the exercise of discretion, by increasing the award of an attorneys’ fee to the plaintiff from the sum of $5,000 to the sum of $60,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.
 

 The parties were married in 1989 and have three adult children. The plaintiff commenced this action for a divorce and ancillary relief in 2010. The plaintiff did not request an award of an interim attorneys’ fee, but was awarded an attorneys’ fee in the sum of $2,500 upon a motion for contempt against the defendant, which was based upon the defendant’s failure to comply with financial and other court-ordered obligations, and was resolved in her favor by order dated October 24, 2011. Nearly four years later, the parties entered into a stipulation of settlement dated July 20, 2015, which provided that the issue of attorneys’ fees would be submitted to the Supreme Court.
 

 Thereafter, the plaintiff moved for an award of an attorneys’ fee in the sum of $74,682.02, of which approximately $57,000 had been paid by the plaintiff’s parents and approximately $7,000 had been paid out of the plaintiff’s own funds. The Supreme Court granted the motion only to the extent of awarding the plaintiff the sum of $5,000. The plaintiff appeals.
 

 Domestic Relations Law § 237 (a) provides that, in certain matrimonial actions, attorneys’ fees may be awarded and paid by one party “to enable the other party to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” It further provides that “[t]here shall be a rebuttable presumption that counsel fees shall be awarded to the less monied spouse.” “[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case” (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]). “The court may also consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation” (Prichep v Prichep, 52 AD3d 61, 64 [2008]). On appeal, this Court’s “discretionary authority is as broad as the trial court’s” (O’Brien v O’Brien, 66 NY2d 576, 590 [1985]).
 

 Here, considering the disparity in the parties’ incomes, and the plaintiff’s undisputed contentions that the defendant willfully delayed the litigation by failing to comply with court-ordered obligations and payments, the plaintiff should have been awarded more than $5,000 in attorneys’ fees (see Guzzo v Guzzo, 110 AD3d 765 [2013]; Peritore v Peritore, 50 AD3d 874 [2008]; see also Sutaria v Sutaria, 123 AD3d 908 [2014]). Accordingly, we modify the order to the extent of awarding the plaintiff the sum of $60,000 in attorneys’ fees (see Guzzo v Guzzo, 110 AD3d 765 [2013]; Peritore v Peritore, 50 AD3d 874 [2008]; see also Sutaria v Sutaria, 123 AD3d 908 [2014]).
 

 The defendant’s remaining contentions are either unpre-served for appellate review or without merit.
 

 Leventhal, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.