■ CHRISTOPH MUELLER, Respondent-Appellant, v BARBARA MUELLER, Appellant-Respondent. [978 NYS2d 696]—

An award of an attorney's fee pursuant to Domestic Relations Law § 237 lies within the sound discretion of the trial court (*see*

*Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]). In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions (*see Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Matter of Baribault v Sauvola*, 101 AD3d 865, 866 [2012]; *Matter of O'Neil v O'Neil*, 193 AD2d 16, 20 [1993]). The court may also take into account whether one party has delayed the proceedings or engaged in unnecessary litigation (*see Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Khan v Ahmed*, 98 AD3d 471, 473 [2012]). Here, considering the significant economic disparity between the parties, the dilatory tactics employed, the equities, and the other circumstances of the case, the trial court did not improvidently exercise its discretion in denying an attorney's fee to the plaintiff and in awarding an attorney's fee to the defendant in the sum of $10,000 (*see Chesner v Chesner*, 95 AD3d 1252, 1253 [2012]).

The parties' remaining contentions are without merit. Skelos, J.P., Balkin, Lott and Hinds-Radix, JJ., concur.