■ In the Matter of GONY WEISS, Respondent, v JARED ROSENTHAL, Appellant. [22 NYS3d 592]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), entered December 11, 2014. The order, without a hearing, granted the mother's motion for an award of attorneys' fees and directed the father to pay attorneys' fees in the sum of $48,753.86 directly to the mother's counsel.

Ordered that the order is affirmed, with costs.

The parties were married in June 2010 and divorced in August 2011. They have one daughter, who was born in 2010. The mother has custody of the parties' child and the father has visitation. In October 2011, the mother commenced a proceeding pursuant to Family Court Act article 4 for child support. The Family Court awarded child support based on the needs of the child, and the father appealed. This Court affirmed the Family Court order (*see Matter of Weiss v Rosenthal*, 122 AD3d 932 [2014]). Thereafter, the father moved for a downward modification of his child support obligation. The Support Magistrate dismissed the petition, and the Family Court denied the father's objections to the dismissal. The father appealed, and this Court affirmed the Family Court order (*see Matter of Rosenthal v Weiss*, 129 AD3d 738 [2015]). In January 2012, the mother commenced a proceeding pursuant to Family Court Act article 6, inter alia, to modify the visitation schedule. The mother's petition was granted, and the father appealed. This Court affirmed the Family Court order (*see Matter of Weiss v Rosenthal*, 120 AD3d 505 [2014]). The mother thereafter moved to recover the attorneys' fees she incurred for the work

performed in responding to the father's appeals. The Family Court, without a hearing, granted her motion and directed the father to pay attorneys' fees in the sum of $48,753.86. The father appeals.

An award of attorneys' fees pursuant to Domestic Relations Law § 237 lies within the sound discretion of the Family Court (*see Mueller v Mueller*, 113 AD3d 660 [2014]; *Carr-Harris v Carr-Harris*, 98 AD3d 548, 552 [2012]). In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions (*see Mueller v Mueller*, 113 AD3d at 661; *Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Matter of Baribault v Sauvola*, 101 AD3d 865, 866 [2012]; *Matter of O'Neil v O'Neil*, 193 AD2d 16, 20 [1993]). The court may also take into account whether one party has delayed the proceedings or engaged in unnecessary litigation (*see Mueller v Mueller*, 113 AD3d at 661; *Guzzo v Guzzo*, 110 AD3d 765 [2013]; *Khan v Ahmed*, 98 AD3d 471, 473 [2012]). Here, considering the circumstances of the case, the Family Court did not improvidently exercise its discretion in granting, without a hearing, the mother's motion for an award of attorneys' fees in the sum of $48,753.86. Leventhal, J.P., Chambers, Sgroi and Barros, JJ., concur.