■ MARINA TARANTINA, Appellant, v LEONARD GITELMAN, Respondent. [25 NYS3d 241]—

Appeal from a judgment of divorce of the Supreme Court, Richmond County (Peter F. DeLizzo, Ct. Atty. Ref.), dated November 20, 2013. The judgment, insofar as appealed from, upon a decision dated December 17, 2012, made after a nonjury trial, failed to award the plaintiff an attorney's fee, provided that the defendant's child support obligation shall terminate upon the 21st birthday of each unemancipated child, and awarded the plaintiff maintenance for a period of only four years.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by adding a provision thereto awarding the plaintiff an additional attorney's fee in the sum of $8,000; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court issued a judgment of divorce which, inter alia, failed to award the plaintiff an attorney's fee, provided that the defendant's child support obligation shall terminate upon the 21st birthday of each unemancipated child, and awarded the plaintiff maintenance for a period of only four years. The plaintiff appeals from those portions of the judgment.

The decision to award an attorney's fee in a matrimonial action "lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as the trial court's is" (*O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *see* Domestic Relations Law § 237; *Jones v Jones*, 92 AD3d 845, 848 [2012]; *Caracciolo v Chodkowski*, 90 AD3d 801, 803 [2011]). Here, in light of the disparity in the parties' incomes and the defendant's actions in unnecessarily prolonging the litigation, the plaintiff should have been awarded an attorney's fee of $8,000 in addition to the $5,000 she had been awarded in an order dated January 14,

2011 (*see Guzzo v Guzzo*, 110 AD3d 765, 766 [2013]; *Khan v Ahmed*, 98 AD3d 471, 473 [2012]; *Aloi v Simoni*, 82 AD3d 683, 687 [2011]). Accordingly, we modify the judgment so as to award the plaintiff an additional attorney's fee in the sum of $8,000.

The duration of the maintenance award was a provident exercise of discretion (*see Gordon v Gordon*, 113 AD3d 654, 654-655 [2014]; *Williams v Williams*, 102 AD3d 957 [2013]; *Jones v Jones*, 92 AD3d at 848).

The plaintiff's remaining contention is without merit. Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.