■ KAREN J. BLACK, Appellant, v FRANK E. BLACK, Respondent. [33 NYS3d 379]——

Appeal from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated March 20, 2015. The order, insofar as appealed from, granted the plaintiff's motion for an award of an attorney's fee in the sum of $30,931.91 only to the extent of awarding her the sum of $5,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, by increasing the award of an attorney's fee to the plaintiff from the sum of $5,000 to the sum of $10,000; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The parties were married in May 1991 and have two daughters, born in 1994 and 1995, respectively. The plaintiff commenced this action for a divorce and ancillary relief in February 2013. The plaintiff did not request an award of an interim attorney's fee. The parties entered into a stipulation of settlement dated June 30, 2014. The stipulation provided that the defendant's annual income was $88,000 and the plaintiff's was $32,000. The stipulation also provided that the plaintiff would submit an application to the Supreme Court regarding the defendant's obligation to pay or contribute to her legal fees.

Thereafter, the plaintiff moved for an award of an attorney's fee in the sum of $30,931.91, to be paid directly to her attorney. In an order dated March 20, 2015, the Supreme Court granted her motion only to the extent of awarding her the sum of $5,000. The plaintiff appeals.

"The decision to award an attorney's fee in a matrimonial action 'lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad' " as that of the trial court (*Tarantina v Gitelman*, 136 AD3d 663, 663 [2016], quoting *O'Brien v O'Brien*, 66 NY2d 576, 590 [1985]; *see* Domestic Relations Law § 237; *Jones v Jones*, 92 AD3d 845, 848 [2012]; *Caracciolo v Chodkowski*, 90 AD3d 801, 803 [2011]). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions," and whether either

party has delayed the proceedings or engaged in unnecessary litigation (*Matter of Weiss v Rosenthal*, 135 AD3d 780, 781 [2016]; *see Guzzo v Guzzo*, 110 AD3d 765, 766 [2013]).

Here, considering the disparity in the parties' income and the other circumstances of the case, the plaintiff should have been awarded an attorney's fee in the sum of $10,000 (*see* Domestic Relations Law § 237 [a]; *Raynor v Raynor*, 68 AD3d 835, 839 [2009]; *Peritore v Peritore*, 50 AD3d 874, 875 [2008]). Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.