RHONDA MARIN, Appellant, v GLEN MARIN, Respondent. [51 NYS3d 111]—

Appeal by the plaintiff from stated portions of a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered December 11, 2013. The judgment of divorce, inter alia, (1) upon a decision of that court dated June 26, 2013, made after a nonjury trial, directed the defendant to pay the plaintiff maintenance in the sum of $3,500 per month for a period of 24 months commencing on the first Friday following the sale of the marital residence, declined to direct the defendant to contribute to the children's college expenses, made an equitable distribution of the parties' marital assets, and declined to award the plaintiff pendente lite arrears, and (2) upon an order of that court dated June 27, 2013, declined to award the plaintiff an attorney's fee.

Ordered that the appeal from so much of the judgment as declined to award the plaintiff pendente lite arrears is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof directing the defendant to pay the plaintiff maintenance in the sum of $3,500 per month for a period of 24 months, and substituting therefor provisions (a) directing the defendant to pay the plaintiff maintenance in the sum of $5,000 per month until the emancipation of the parties' second child, at which time the defendant shall pay the plaintiff maintenance in the sum of $7,000 per month, and (b) providing that the defendant's maintenance obligation will terminate seven years from the first Friday after the closing on the marital residence, and

(2) by deleting the provision thereof declining to award the plaintiff an attorney's fee, and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $118,000; as so modified, the judgment is affirmed insofar as reviewed, with costs to the plaintiff.

The parties were married in July 1989, and have two children together, born in 1992 and 1996. After the birth of their first child in 1992, the plaintiff stopped working outside the home and has been the primary caregiver of the children. The defendant, a doctor of osteopathy with his own medical practice, has been the sole source of financial support for the family since that time. In June 2008, the plaintiff commenced this action for a divorce and ancillary relief.

During the ensuing nonjury trial, the parties stipulated that the Supreme Court would decide their respective applications for counsel fees on written submissions. After the trial, the court issued a decision dated June 26, 2013, wherein it determined the ancillary issues of, inter alia, equitable distribution, maintenance, and child support, and denied the plaintiff's application for pendente lite arrears. The court issued a separate order dated June 27, 2013, denying the parties' respective applications for counsel fees. The court thereafter issued a judgment of divorce entered December 11, 2013, which, inter alia, (1) imputed income to the defendant in the sum of $350,000, (2) awarded the plaintiff maintenance in the sum of $3,500 per month for a period of 24 months, (3) awarded the plaintiff child support in the sum of $4,362.46 per month for the parties' younger child, (4) made an equitable distribution of the parties' marital property and debts, (5) declined to direct the defendant to pay any college expenses for the children, (6) declined to award the plaintiff pendente lite arrears, and (7) declined to award the plaintiff an attorney's fee. The plaintiff appeals from stated portions of the judgment of divorce.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in imputing income of only $350,000 to the defendant. " 'A court is not bound by a party's account of his or her own finances, and where a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed' " (*Elsayed v Edrees*, 141 AD3d 503, 505 [2016], quoting *Matter of Thomas v DeFalco*, 270 AD2d 277, 278 [2000]; *see Lamparillo v Lamparillo*, 130 AD3d 580, 581 [2015]; *Spiegel-Porco v Porco*, 127 AD3d 847, 849 [2015]; *Cusumano v Cusumano*, 96 AD3d 988, 989 [2012]). In doing so, a court may consider, among other factors, the

party's "educational background, past earnings, and employment potential" (*Balaj v Balaj*, 136 AD3d 672, 674 [2016]; *see Kessler v Kessler*, 118 AD3d 946, 948 [2014]). Here, the defendant's adjusted gross income, as reported on his 2007, 2008, 2009, 2010, and 2011 federal income tax returns, was $338,639, $266,594, $319,332, $243,560, and $123,074, respectively. The court imputed income to the defendant in the sum of $350,000, apparently attributing the additional income to substantial amounts of cash generated by his medical practice over the years. While at one time the defendant's income was substantially higher than $350,000, his federal income tax returns filed from 2001 through 2011 reflect a steady decline in his adjusted gross income. The court found that the defendant testified credibly that this decline occurred because in or around 1999 or 2000, his medical practice began to suffer financially due to the advent of managed care. Although the plaintiff asserts that the defendant's testimony was not credible, the trial court's resolution of credibility issues is entitled to great deference on appeal since it had the opportunity to view the demeanor of the witnesses and is "in the best position to gauge their credibility" (*Canzona v Canzona*, 142 AD3d 1030, 1032 [2016]; *see Cervera v Bressler*, 126 AD3d 924, 925 [2015]; *DiPalma v DiPalma*, 112 AD3d 663, 664 [2013]; *Morales v Inzerra*, 98 AD3d 484, 485 [2012]). There is no basis to disturb the court's credibility determination in this case.

We also reject the plaintiff's contention that since some of the proceeds from certain loans were used to finance the defendant's medical practice, which was not treated as marital property, the Supreme Court should have allocated this debt to the defendant as his separate responsibility, rather than allocating it equally between the parties. "The Supreme Court is given broad discretion in allocating the assets and debts of the parties to a marriage, and may consider the entirety of the marital estate in apportioning responsibility for debts" (*Grabelsky v Handler*, 127 AD3d 1141, 1142 [2015]; *see DiFiore v DiFiore*, 87 AD3d 971, 974-975 [2011]; *Corless v Corless*, 18 AD3d 493, 494 [2005]). "While outstanding financial obligations incurred during the marriage which are not solely the liability of either spouse may be deemed marital obligations, a financial obligation incurred by one party in pursuit of his or her separate interests should remain that party's separate liability" (*Corless v Corless*, 18 AD3d at 494). Here, the funds at issue were used to benefit the defendant's medical practice, which was the sole means of financial support for the entire family. Therefore, under the circumstances, it cannot be said that this debt was incurred for the defendant's sole benefit. As

such, contrary to the plaintiff's contentions, the court's decision to distribute this debt equally among the parties was not an improvident exercise of discretion.

We agree with the plaintiff's contention that the maintenance award was inadequate. The version of Domestic Relations Law § 236 (B) (6) (a) applicable to this action provides that a court ordering maintenance should take into account, among other things, the standard of living of the parties established during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the age and health of the parties, their present and future earning capacity, the ability of the party seeking maintenance to be self-supporting, the reduced earning capacity of the party seeking maintenance, the presence of children of the marriage in the respective homes of the parties, the contributions and services of the party seeking maintenance as a spouse, parent and homemaker, and the wasteful dissipation of marital assets. Here, taking into account the almost 20-year length of marriage, the parties' ages and lifestyle during the marriage, that the plaintiff was the primary homemaker and caregiver for the parties' children during their marriage, the plaintiff's limited employment history and level of education, and the parties' financial circumstances, the Supreme Court improvidently exercised its discretion in awarding the plaintiff maintenance in the sum of only $3,500 per month for a period of 24 months (*see Osman v Osman*, 142 AD3d 978, 979 [2016]). Under the circumstances, we direct the defendant to pay the plaintiff maintenance in the sum of $5,000 until the emancipation of the second child, at which time the defendant shall pay plaintiff the sum of $7,000 per month. The defendant's maintenance obligation shall commence the first Friday after the closing on the sale of the marital residence and shall terminate after seven years.

The plaintiff's contention that the Supreme Court erred in failing to direct the defendant to pay at least a portion of the children's college education expenses is without merit. "Unlike the obligation to provide support for a child's basic needs, support for a child's college education is not mandatory" (*Matter of Grubler v Grubler*, 108 AD3d 535, 537 [2013] [internal quotation marks omitted]; *see Matter of Lynn v Kroenung*, 97 AD3d 822, 823 [2012]; *Cimons v Cimons*, 53 AD3d 125, 127 [2008]). "Instead, absent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is 'dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7)' " (*Matter*

*of Lynn v Kroenung,* 97 AD3d at 823, quoting *Cimons v Cimons,* 53 AD3d at 127). As to the parties' older child, under the circumstances of this case, including that the parties had already set aside a substantial amount of funds that were used for this purpose, the court's decision not to direct the defendant to pay for the balance of her college education was not an. improvident exercise of discretion.

As to the parties' younger child, the parties also set aside some money for his post-high school education, and it would have been premature for the Supreme Court to direct the defendant to contribute toward his college costs where, at the time of trial, he was 17 years old and there was no evidence adduced concerning whether he intended to go to college, what his interests were, or what his expenses might be (*see Felix v Felix,* 87 AD3d 1106, 1108 [2011]; *Hamza v Hamza,* 247 AD2d 444, 445 [1998]).

The plaintiff's appeal from so much of the judgment as failed to award her pendente lite arrears must be dismissed, because she did not include in her appendix all of the relevant portions of the record necessary to enable this Court to render an informed determination on the merits of her application for pendente lite arrears (*see Town of Brookhaven v Mascia,* 38 AD3d 758, 760 [2007]; *Matter of Passalacqua,* 31 AD3d 648, 648 [2006]; *Patel v Patel,* 270 AD2d 241, 242 [2000]; Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1]).

" 'The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad' as that of the trial court" (*Black v Black,* 140 AD3d 816, 816 [2016] [internal quotation marks omitted], quoting *Tarantina v Gitelman,* 136 AD3d 663, 663 [2016]). " 'In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions,' and whether either party has delayed the proceedings or engaged in unnecessary litigation" (*Black v Black,* 140 AD3d at 816-817, quoting *Matter of Weiss v Rosenthal,* 135 AD3d 780, 781 [2016]). Considering the overall financial circumstances of the parties and the circumstances of the case as a whole, we deem it appropriate to direct the defendant to pay the plaintiff an attorney's fee in the sum of $118,000, representing approximately half the balance of the plaintiff's outstanding attorney's fee.

The plaintiff's remaining contentions are either not properly before this Court or without merit. Hall, J.P., Cohen, Barros and Connolly, JJ., concur.