■ Jon M. Babinski, Appellant, v Jeanne M. Babinski, Respondent. [58 NYS3d 122]—

Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Fran Ricigliano, J.), dated May 5, 2015. The order, insofar as appealed from, denied the plaintiff's motion to amend a qualified domestic relations order and granted that branch of the defendant's cross motion which was for an award of counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

Upon their divorce, the parties stipulated that the defendant would share in the plaintiff's New York City Fire Department pension. A qualified domestic relations order (hereinafter QDRO) was signed to that effect. The plaintiff sustained a line-of-duty injury and retired on accidental disability in 2014. Soon thereafter, the plaintiff moved to amend the QDRO to prevent the defendant from receiving any portion of his pension until the twentieth anniversary of service, that is, until 2019, on the ground that the defendant was not entitled to disability payments. The defendant opposed the motion and cross-moved, inter alia, for an award of counsel fees.

The order appealed from denied the plaintiff's motion to amend the QDRO and granted that branch of the defendant's cross motion which was for an award of counsel fees. The Supreme Court noted that "[b]oth the Stipulation and the QDRO prohibit the Ex-Wife from receipt of any portion of the pension as it relates to the disability. The Ex-Wife is not seeking a portion of the Ex-Husband's disability. In fact, she is not seeking anything other than what was agreed to in the Stipu-

lation," i.e., a share of the husband's pension once he began receiving benefits. With respect to counsel fees, the court awarded the wife $2,362.50 because she was the less-moneyed spouse and because of the merits of her position.

To the extent that a disability pension represents deferred compensation, it is subject to equitable distribution (*see Dolan v Dolan*, 78 NY2d 463, 466 [1991]). The burden of distinguishing the marital property portion of a disability pension from the separate property portion is on the recipient of the pension (*see Palazzolo v Palazzolo*, 242 AD2d 688 [1997]). Pursuant to the terms of the stipulation, the defendant was entitled to a share of the marital portion of so much of the plaintiff's pension as represented deferred compensation, and she was entitled to start receiving her share as soon as the plaintiff started receiving benefits. The plaintiff did not meet his burden of demonstrating that all of the pension payments he received constituted separate property. Accordingly, his motion was properly denied.

Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in awarding the defendant counsel fees after considering the relative financial circumstances of the parties together with all the other circumstances of the case, including the relative merit of their positions (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Ostrower v Ostrower*, 148 AD3d 819 [2017]; *Bagielto v Kolsch*, 148 AD3d 766 [2017]; *Turner v Turner*, 130 AD3d 609 [2015]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Hinds-Radix, LaSalle and Connolly, JJ., concur.