Appeal by the plaintiff from a judgment of divorce of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered January 30, 2015. The judgment, insofar as appealed from, upon a decision of that court dated February 15, 2013, made after a nonjury trial, and upon an order of that court dated September 3, 2013, in effect, directed the defendant to distribute to the plaintiff only those accounts or investments set forth in the parties’ stipulation of settlement dated May 27, 2010, that existed on the date of trial that had not yet been distributed, awarded no maintenance to the plaintiff, directed the defendant to pay child support in the sum of only $475.38 per week, and declined to award the plaintiff an attorney’s fee.
 

 Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof, in effect, directing the defendant to distribute to the plaintiff only those accounts or investments set forth in the parties’ stipulation of settlement dated May 27, 2010, that existed on the date of trial that had not yet been distributed, and substituting therefor a provision directing the defendant to distribute to the plaintiff those accounts or investments set forth in the parties’ stipulation of settlement dated May 27, 2010, that have not yet been distributed, (2) by deleting the provision thereof directing the defendant to pay child support in the sum of $475.38 per week, and substituting therefor a provision directing the defendant to pay child support in the sum of $491.86 per week, and (3) adding a provision thereto awarding the plaintiff an attorney’s fee in the sum of $10,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for a determination of the amount the plaintiff is entitled to receive in accordance with article IV of the parties’ stipulation of settlement dated May 27, 2010, plus an award of pre-decision interest pursuant to CPLR 5001 computed at the rate of 4% in accordance herewith, and for the entry of an appropriate amended judgment thereafter.
 

 The parties were married in November 1991 and have two children. In November 2006, the plaintiff commenced this action for a divorce and ancillary relief. On May 27, 2010, the parties entered into a written stipulation of settlement, which was incorporated but not merged into their judgment of divorce, setting forth the equitable distribution of the parties’ assets. The stipulation of settlement provided, in article IV, that the parties’ assets would be distributed in accordance with an “Asset Distribution Schedule,” which was annexed as an exhibit to the stipulation of settlement. The stipulation of settlement directed each party, within 60 days of its execution, to take any actions necessary to divide the assets in accordance with the Asset Distribution Schedule, including executing and delivering any instruments necessary to effectuate the distribution. In addition, the stipulation of settlement provided that “[a] 11 of the ‘Active LLC Investments’ and the ‘Sold or Drawn Down LLC Investments’ contained in the Asset Distribution Schedule shall be divided equally between the parties and the [defendant] shall provide an accounting of all expenses, dividends, income or losses for such LLC’s from the date of commencement of the action until the distribution and/or liquidation of such LLC’s, together with all appropriate documentation.”
 

 In April 2012, the action proceeded to a nonjury trial to resolve, inter alia, issues of maintenance and child support. After the trial, the Supreme Court, in a decision dated February 15, 2013, found that the defendant was obligated to distribute to the plaintiff any accounts or investments as set forth in the parties’ stipulation of settlement dated May 27, 2010, which had not already been distributed, and existed on the date of trial. In addition, the court, among other things, found that the defendant was obligated to pay child support to the plaintiff in the amount of $475.38 per week, and that the plaintiff was not entitled to an award of maintenance. In an order dated September 3, 2013, the Supreme Court, inter alia, declined to award the plaintiff an attorney’s fee. A judgment of divorce was entered January 30, 2015, upon the decision dated February 15, 2013, and the order dated September 3, 2013.
 

 “A stipulation of settlement which is incorporated but not merged into a judgment of divorce retains the character of an independent contract and survives as a basis for suit” (Driscoll v Driscoll, 45 AD3d 723, 724 [2007]; see Rainbow v Swisher, 72 NY2d 106, 109 [1988]; Leibowitz v Leibowitz, 143 AD3d 675, 677 [2016]). “[A] court may not impair a party’s contractual rights under the agreement by modifying the judgment of divorce” (Lafferty v Lafferty, 256 AD2d 445, 446 [1998]; see Lamberti v Lamberti, 158 AD2d 449, 450 [1990]). “[W]here the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties’ intent based upon the plain meaning of the words used by the parties” (Stein v Stein, 130 AD3d 604, 605 [2015]; see Leibowitz v Leibowitz, 143 AD3d at 677).
 

 Here, the parties’ stipulation of settlement dated May 27, 2010, provided, in article IV, that the assets in the Asset Distribution Schedule were to be distributed within 60 days of the execution of the stipulation of settlement. Therefore, the Supreme Court erred by directing the defendant to distribute only those accounts or investments as set forth in the parties’ stipulation of settlement dated May 27, 2010, that existed on the date of trial, which commenced in April 2012. Moreover, under the circumstances of this case, the plaintiff is entitled to pre-decision interest on the amount due under the stipulation of settlement at the rate of 4% from the date of commencement of the action to the date of decision (see CPLR 5001; Litman v Litman, 280 AD2d 520, 523 [2001]; Selinger v Selinger, 232 AD2d 471, 473 [1996]).
 

 “Pursuant to the provisions of Domestic Relations Law § 236 (B) (6) (a) that were in effect at the time of the parties’ divorce, except where there is a valid agreement with respect to maintenance, the court may order maintenance ‘in such amount as justice requires’ ” (Maddaloni v Maddaloni, 142 AD3d 646, 653 [2016], quoting Domestic Relations Law former § 236 [B] [6] [a]). “The amount and duration of spousal maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts” (Diwan v Diwan, 135 AD3d 807, 809 [2016]; see Lamparillo v Lamparillo, 130 AD3d 580, 581 [2015]; Heydt-Benjamin v Heydt-Benjamin, 127 AD3d 814, 815 [2015]). “The factors to consider in awarding maintenance include the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance” (Heymann v Heymann, 102 AD3d 832, 834 [2013] [internal quotation marks omitted]; see Lamparillo v Lamparillo, 130 AD3d at 581-582). Here, upon consideration of the relevant factors, the Supreme Court providently exercised its discretion in denying the plaintiff an award of maintenance (see Horn v Horn, 145 AD3d 666, 668 [2016]; Heymann v Heymann, 102 AD3d at 834).
 

 “In determining a parent’s child support obligation, a court need not rely upon the parent’s own account of his or her finances, but may impute income based upon the parent’s past income or demonstrated earning potential” (Baumgardner v Baumgardner, 98 AD3d 929, 930 [2012]). “The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives” (Wesche v Wesche, 77 AD3d 921, 923 [2010]; see Matter of Huddleston v Rufrano, 98 AD3d 1046, 1047 [2012]; Baumgardner v Baumgardner, 98 AD3d at 930). Here, the defendant testified that, in addition to his full-time employment with Capital One Bank, he works an average of four five-hour shifts per month as an emergency medical technician, earning $17.85 per hour. Upon consideration of this testimony, the Supreme Court should have imputed an additional $4,284 in annual income to the defendant (see Huddleston v Rufrano, 98 AD3d at 1047), and the defendant’s child support obligation should have been increased to the sum of $491.86 per week.
 

 “An award of an attorney’s fee pursuant to Domestic Relations Law § 237 (a) is a matter within the sound discretion of the trial court, and the issue ‘is controlled by the equities and circumstances of each particular case’ ” (Chaudry v Chaudry, 95 AD3d 1058, 1059 [2012], quoting Morrissey v Morrissey, 259 AD2d 472, 473 [1999]; see Marin v Marin, 148 AD3d 1132, 1136 [2017]). “In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties’ positions” (Mueller v Mueller, 113 AD3d 660, 661 [2014]; see Matter of Weiss v Rosenthal, 135 AD3d 780, 781 [2016]). In addition, the court may “take into account whether one party has delayed the proceedings or engaged in unnecessary litigation” (Mueller v Mueller, 113 AD3d at 661; see Guzzo v Guzzo, 110 AD3d 765, 766 [2013]). Here, considering the overall financial circumstances of the parties and each party’s conduct during the course of litigation, the Supreme Court should have awarded the plaintiff an attorney’s fee in the sum of $10,000 (see Domestic Relations Law § 237 [a]; Black v Black, 140 AD3d 816, 817 [2016]).
 

 The parties’ remaining contentions are without merit.
 

 Accordingly, we modify the judgment to increase the defendant’s child support obligation to the sum of $491.86 per week and to award the plaintiff an attorney’s fee in the sum of $10,000, and remit the matter to. the Supreme Court, Nassau County, for a determination of the amount the plaintiff is entitled to receive in accordance with article IV of the parties’ stipulation of settlement dated May 27, 2010 (see Hymowitz v Hymowitz, 119 AD3d 736, 741-742 [2014]), plus an award of pre-decision interest, and for the entry of an appropriate amended judgment thereafter.
 

 Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.
 

 Motion by the respondent on an appeal from a judgment of divorce of the Supreme Court, Nassau County, entered January 30, 2015, inter alia, to strike stated portions of the appendix and brief filed by the appellant on the ground that those portions refer to matters dehors the record. By decision and order on motion of this Court dated February 11, 2016, that branch of the motion which was to strike the appendix and brief filed by the appellant was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is
 

 Ordered that the branch of the motion which is to strike stated portions of the appendix and brief filed by the appellant is denied.