Giallo-Uvino v Uvino (2018 NY Slip Op 06885)





Giallo-Uvino v Uvino


2018 NY Slip Op 06885


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-05991
 (Index No. 15861/12)

[*1]Anna Giallo-Uvino, appellant,
v
Louis Uvino, respondent.


Glenn S. Koopersmith, Garden City, NY, for appellant.



DECISION & ORDER
In a matrimonial action, the plaintiff appeals from a judgment of divorce of the Supreme Court, Queens County (Anna Culley, J.), entered April 26, 2016. The judgment, insofar as appealed from, upon a decision of the same court dated February 29, 2016, made after an inquest, (1) valued the defendant's law practice as of the date of trial and determined that the practice had no value, (2) awarded the plaintiff only 55% of the net proceeds of the sale of the marital residence and awarded the defendant 50% of the marital portion of certain retirement accounts, (3) declined to award the plaintiff an attorney's fee and expert fees, (4) determined that the plaintiff was not entitled to an award of maintenance, and (5) imputed annual income of only $120,000 to the defendant for the purpose of calculating child support.
ORDERED that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff 55% of the net proceeds of the sale of the marital residence and substituting therefor a provision awarding the plaintiff 70% of the net proceeds, and (2) by deleting the provision thereof declining to award the plaintiff an attorney's fee and substituting therefor a provision awarding the plaintiff an attorney's fee in the sum of $70,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.
The parties were married in June 2000, and have one child. During the course of the marriage, the plaintiff worked as a registered nurse, and the defendant was an attorney with his own law practice. In July 2012, the plaintiff commenced this action for a divorce and ancillary relief, and the defendant appeared in the action. The defendant failed to appear for the trial in July 2015, and the Supreme Court held an inquest. After the inquest, the court, in a decision dated February 29, 2016, valued the defendant's law practice as of the date of trial and determined that the practice had no value, awarded the plaintiff 55% of $561,265.75, representing the net proceeds of the sale of the marital residence, awarded the defendant 50% of the marital portion of certain retirement accounts, and declined to award the plaintiff an attorney's fee or expert fees. In addition, the court, among other things, determined that the plaintiff was not entitled to an award of maintenance and imputed annual income of $120,000 to the defendant for the purpose of calculating child support. A judgment of divorce was entered April 26, 2016, which was based on the decision dated February 29, 2016. The plaintiff appeals.
"Once property is classified as marital or separate, the trial court has broad discretion [*2]to select an appropriate date for measuring the value of [the] property'" (Mesholam v Mesholam, 11 NY3d 24, 28, quoting McSparron v McSparron, 87 NY2d 275, 287). " Courts have discretion to value "active" assets such as a professional practice on the commencement date [of the action], while "passive" assets such as securities, which could change in value suddenly based on market fluctuations, may be valued at the date of trial' but such formulations should be treated as helpful guideposts and not immutable rules" (Daniel v Friedman, 22 AD3d 707, 708, quoting Grunfeld v Grunfeld, 94 NY2d 696, 707; see McSparron v McSparron, 87 NY2d at 288). Under the circumstances of this case, the Supreme Court providently exercised its discretion in valuing the defendant's law practice as of the date of trial, rather than the date of commencement of the action (see Schacter v Schachter, 151 AD3d 422, 422-423; LaBarre v LaBarre, 251 AD2d 1008; see also Wegman v Wegman, 123 AD2d 220, 235-236; cf. Grunfeld v Grunfeld, 94 NY2d at 707-708). Contrary to the plaintiff's contention, she failed to establish that the defendant, who was disbarred during the pendency of this action (see Matter of Uvino, 128 AD3d 170, 171), intentionally lost his license in order to devalue his law practice (cf. Kurtz v Kurtz, 1 AD3d 214, 215). The plaintiff failed to establish that the defendant's business had any value as of the date of trial.
"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Lamparillo v Lamparillo, 130 AD3d 580, 581 [internal quotation marks omitted]; see Diwan v Diwan, 135 AD3d 807, 809). Here, considering the relevant factors, including, inter alia, the duration of the marriage, the present and future earning capacity of the parties, and the ability of the party seeking maintenance to become self-supporting, the Supreme Court did not improvidently exercise its discretion in declining to award maintenance to the plaintiff (see Margolis v Cohen, 153 AD3d 1390).
However, the Supreme Court improvidently exercised its discretion in awarding the plaintiff only 55% of the net proceeds of the sale of the marital residence. The distribution of each item of marital property need not be on an equal basis (see Rizzo v Rizzo, 120 AD3d 1400, 1403; Diaco v Diaco, 278 AD2d 358, 359; Coffey v Coffey, 119 AD2d 620, 622). "Rather, property acquired during the marriage should be distributed in a manner which reflects the individual needs and circumstances of the parties" (Coffey v Coffey, 119 AD2d at 622 [internal quotation marks omitted]; see Rodgers v Rodgers, 98 AD2d 386, 387). Based on the circumstances of this case, we find that the plaintiff is entitled to 70% of the net proceeds of the sale of the marital residence.
Furthermore, the Supreme Court improvidently exercised its discretion in declining to award the plaintiff an attorney's fee. "The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Culen v Culen, 157 AD3d 930, 932 [internal quotation marks omitted]; see Cohen v Cohen, 160 AD3d 804, 806; Marin v Marin, 148 AD3d 1132, 1136). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions" (Matter of Weiss v Rosenthal, 135 AD3d 780, 781; see Marin v Marin, 148 AD3d at 1136). In addition, the court may "consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Prichep v Prichep, 52 AD3d 61, 64; see Margolis v Cohen, 153 AD3d at 1390; Guzzo v Guzzo, 110 AD3d 765, 766). Here, considering the overall financial circumstances of the parties and the circumstances of the case as a whole, including the defendant's conduct in failing to timely provide certain financial documentation which unnecessarily prolonged the litigation, the court should have awarded the plaintiff an attorney's fee in the sum of $70,000 (see Straub v Straub, 155 AD3d 919, 920; Marin v Marin, 148 AD3d at 1136; Guzzo v Guzzo, 110 AD3d at 766).
The plaintiff's remaining contentions are without merit.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court