Romeo v Muenzler-Romeo (2019 NY Slip Op 01114)





Romeo v Muenzler-Romeo


2019 NY Slip Op 01114


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-10149
 (Index No. 1687/14)

[*1]Carmine Romeo, appellant,
v
Debra Muenzler-Romeo, respondent.


Law Office of Gambino & Demers, LLC, Poughkeepsie, NY (Thomas M. Gambino of counsel), for appellant.
Law Offices of David J. Squirrell, P.C., Bedford Hills, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Dutchess County (Lisa E. Rubenstein, Ct. Atty. Ref.), dated August 3, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated March 6, 2017, made after a nonjury trial, awarded the defendant maintenance in the sum of $1,900 per month for a period of eight years and attorneys' fees in the sum of $26,000.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married on August 31, 1995. At the time of the marriage, the plaintiff was retired from the New York City Police Department and receiving a pension. During the marriage, the plaintiff was employed part-time, and the defendant worked as a substitute teacher. In April 2014, the plaintiff commenced this action for a divorce and ancillary relief. After a nonjury trial, the Supreme Court issued a judgment of divorce dated August 3, 2017, which, among other things, awarded the defendant maintenance in the sum of $1,900 per month for a period of eight years and attorneys' fees in the sum of $26,000. The plaintiff appeals from those portions of the judgment of divorce.
"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (Wortman v Wortman, 11 AD3d 604, 606; see Westbrook v Westbrook, 164 AD3d 939, 942; Repetti v Repetti, 147 AD3d 1094, 1096). The factors to consider in awarding maintenance include, among others, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health and present and future earning capacity of both parties, and the ability of the party seeking maintenance to become self-supporting (see Domestic Relations Law former § 236[B][6][a]; Belilos v Rivera, 164 AD3d 1411, 1414; Westbrook v Westbrook, 164 AD3d at 942; Horn v Horn, 145 AD3d 666, 668). Here, contrary to the plaintiff's contention, the Supreme Court considered the relevant statutory factors (see Kumar v Chander, 149 AD3d 709, 711) and providently exercised its discretion in awarding the defendant maintenance in the sum of $1,900 per month for a period of eight years.
"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Black v Black, 140 AD3d 816, 816 [internal quotation marks omitted]; see Culen v Culen, 157 AD3d 930, 932). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions" (Mueller v Mueller, 113 AD3d 660, 661; see Margolis v Cohen, 153 AD3d 1390; Matter of Weiss v Rosenthal, 135 AD3d 780, 781). Additionally, the court may also consider whether one party has engaged in conduct or taken positions resulting in a delay of the proceedings or engaged in unnecessary litigation (see Giallo-Uvino v Uvino, 165 AD3d 894, 897; Matter of Weiss v Rosenthal, 135 AD3d at 781; Prichep v Prichep, 52 AD3d 61, 64). Here, considering the disparity of income between the parties, the relative merits of the parties' positions, and the plaintiff's conduct that delayed the proceedings, the Supreme Court providently exercised its discretion in awarding the defendant attorneys' fees in the sum of $26,000 (see Lubrano v Lubrano, 122 AD3d 807, 808).
The plaintiff's remaining contentions are without merit.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court