Klein v Klein (2019 NY Slip Op 08836)





Klein v Klein


2019 NY Slip Op 08836


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-03611
 (Index No. 1170/12)

[*1]Sara G. Klein, respondent, 
v
Philip Klein, etc., appellant, et al., defendants. Paul T. Gentile, P.C., New York, NY (Stephen J. Riegel of counsel), for appellant.


Akerman LLP, New York, NY (Donald N. David and Sara L. Mandelbaum of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant Philip Klein appeals from a judgment of divorce of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated March 7, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court (Howard Miller, R.) dated November 30, 2016, made after a nonjury trial, imputed $450,000 in income to that defendant, awarded that defendant a credit in the sum of only $50,000 against his accrued support arrears representing his equitable share of certain marital property, awarded the plaintiff maintenance in the sum of $5,000 per month for seven years, awarded the plaintiff child support in the sum of $4,381.25 per month, awarded the plaintiff attorney's fees in the sum of $40,000, awarded the plaintiff expert witness fees in the sum of $36,000, directed that defendant to pay $100,000 in attorney's fees directly to the plaintiff's attorney's law firm, and, when calculating that defendant's accrued child support arrears, did not reduce that defendant's pendente lite child support obligation to reflect the emancipation of two of the parties' children.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant Philip Klein (hereinafter the defendant) were married on November 9, 1987. They had six children during their marriage. The plaintiff commenced this action for a divorce and ancillary relief in June 2012. After a nonjury trial, the Supreme Court issued a judgment of divorce dated March 7, 2017, which, among other things, imputed $450,000 in annual income to the defendant, awarded the plaintiff maintenance in the sum of $5,000 per month for seven years, child support in the sum of $4,381.25 per month, attorney's fees in the sum of $40,000, and expert witness fees in the sum of $36,000, and directed the defendant to pay $100,000 in attorney's fees directly to the plaintiff's attorney's law firm. The defendant appeals.
"A court need not rely upon a party's own account of his [or her] finances, but may impute income based upon the party's past income or demonstrated future potential earnings" (Duffy v Duffy, 84 AD3d 1151, 1151-1152 [internal quotation marks omitted]; see Wesche v Wesche, 77 AD3d 921, 923; Steinberg v Steinberg, 59 AD3d 702, 705). "The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives" (Duffy v Duffy, 84 AD3d at 1152 [internal quotation [*2]marks omitted]; see Matter of Rohme v Burns, 92 AD3d 946, 947; Wesche v Wesche, 77 AD3d at 923). "Where a party's account is not believable, the court may impute a true or potential income higher than alleged" (Wesche v Wesche, 77 AD3d at 923; see Duffy v Duffy, 84 AD3d at 1152). "The court has considerable discretion in determining whether income should be imputed to a party and the court's credibility determinations are accorded deference on appeal" (Matter of Monti v DiBedendetto, 151 AD3d 864, 866; see Matter of Kiernan v Martin, 108 AD3d 767, 768). Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion by imputing to him $450,000 in annual income when computing his maintenance and child support obligations (see Muldowney-Walsh v Desroches, 167 AD3d 1022, 1024; R.S. v B.L., 151 AD3d 609, 610).
The "amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts" (Grasso v Grasso, 47 AD3d 762, 764; see Lubrano v Lubrano, 122 AD3d 807, 808; Massirman v Massirman, 78 AD3d 1021, 1022). The factors to consider in awarding maintenance include, among others, the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the age and health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, the reduced or lost lifetime earning capacity of the party seeking maintenance, the presence of children of the marriage, contributions and services of the party seeking maintenance as a spouse, parent, wage earner, and homemaker, and to the career or career potential of the other party, the loss of health insurance benefits upon dissolution of the marriage, and the availability and cost of medical insurance for the parties (see former Domestic Relations Law § 236[B][6][a]; Minervini v Minervini, 152 AD3d 666, 668-669; Merrick v Merrick, 132 AD3d 742; Kret v Kret, 222 AD2d 412). Here, contrary to the defendant's contention, the Supreme Court considered the relevant statutory factors and providently exercised its discretion in awarding the plaintiff maintenance in the sum of $5,000 per month for seven years (see Belilos v Rivera, 164 AD3d 1411, 1414-1415; Marin v Marin, 148 AD3d 1132; Dochter v Dochter, 118 AD3d 665).
Contrary to the defendant's contention, the Supreme Court's determination to calculate the parties' child support obligations based on combined parental income over the $143,000 statutory cap is adequately supported by the record and was not an improvident exercise of the court's discretion (see Matter of Cassano v Cassano, 85 NY2d 649, 655; Iarocci v Iarocci, 98 AD3d 999).
"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Black v Black, 140 AD3d 816, 816 [internal quotation marks omitted]; see Culen v Culen, 157 AD3d 930, 932). "In exercising that discretion, the court must consider the financial circumstances of the parties and the circumstances of the case as a whole, including the relative merits of the parties' positions" (Mueller v Mueller, 113 AD3d 660, 661; see Margolis v Cohen, 153 AD3d 1390; Matter of Weiss v Rosenthal, 135 AD3d 780, 781). Additionally, the court may also consider whether one party has engaged in conduct or taken positions resulting in a delay of the proceedings or engaged in unnecessary litigation (see Giallo-Uvino v Uvino, 165 AD3d 894, 897; Matter of Weiss v Rosenthal, 135 AD3d at 781; Prichep v Prichep, 52 AD3d 61, 64). Here, considering the disparity of income between the parties, the relative merits of the parties' positions, and the defendant's conduct that delayed the proceedings, the Supreme Court providently exercised its discretion in awarding the plaintiff attorney's fees in the sum of $40,000 and expert witness fees in the sum of $36,000, and in directing the defendant to pay $100,000 in attorney's fees directly to the plaintiff's attorney's law firm (see Romeo v Muenzler-Romeo, 169 AD3d 845, 846; Belilos v Rivera, 164 AD3d at 1415; Babinski v Babinski, 152 AD3d 477, 478; Chesner v Chesner, 95 AD3d 1252, 1253).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court