Zehner v Zehner (2020 NY Slip Op 04617)





Zehner v Zehner


2020 NY Slip Op 04617


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2017-09521
 (Index No. 30167/12)

[*1]Richard Zehner, respondent,
v
AnnMarie Zehner, appellant.


Barnes, Catterson, LoFrumento & Barnes, LLP, Garden City, NY (Michael F. LoFrumento of counsel), for appellant.
Heilig, Branigan, Miller & Castrovinci, Holbrook, NY (Philip Castrovinci and Michael J. Miller of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Suffolk County (James F. Quinn, J.), entered July 7, 2017. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated January 18, 2017, made after a nonjury trial, awarded the defendant maintenance in the sum of only $2,000 per month for a period of only seven years and awarded the defendant an attorney's fee in the sum of only $17,500.
ORDERED that the judgment of divorce is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof awarding the defendant maintenance in the sum of $2,000 per month for a period of seven years, and substituting therefor a provision awarding the defendant maintenance in the sum of $3,000 per month until the defendant becomes eligible to receive full social security benefits, and (2) deleting the provision thereof awarding the defendant an attorney's fee in the sum of $17,500, and substituting therefor a provision awarding the defendant an attorney's fee in the sum of $30,000; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant.
The parties were married in 1991, and have two emancipated children. During the marriage, the plaintiff was steadily employed, while the defendant was the primary homemaker and caregiver for the parties' children. The plaintiff commenced this action for a divorce and ancillary relief in September 2012. After a nonjury trial, the Supreme Court issued a judgment of divorce dated July 7, 2017, which, among other things, awarded the defendant maintenance in the sum of $2,000 per month for a period of seven years and awarded the defendant an attorney's fee in the sum of $17,500. The defendant appeals.
The " amount and duration of maintenance is a matter committed to the sound discretion of the court, and every case must be determined on its own unique facts'" (Murphy v Murphy, 175 AD3d 1540, 1541, quoting Grasso v Grasso, 47 AD3d 762, 764). "Where, as here, an action was commenced prior to the amendments to the Domestic Relations Law effective January 23, 2016 (see L 2015, ch 269, § 4), the factors to be considered include the standard of living of the [*2]parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability of the party seeking maintenance to be self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties" (Alliger-Bograd v Bograd, 180 AD3d 975, 978 [internal quotation marks omitted]; see Domestic Relations Law former § 236[b][6][a]). This Court's authority in determining the issue of maintenance is as broad as that of the trial court (see DiNozzi v DiNozzi, 74 AD3d 866, 867).
Here, the Supreme Court improvidently exercised its discretion in awarding maintenance to the defendant in the sum of only $2,000 for a period of only seven years. Taking into account the length of the marriage and the facts that the defendant was 58 years old at the time of trial, had been absent from the workforce for more than 20 years, had limited employment history and level of education, and suffered from physical and mental health issues, "it is unrealistic to believe" that the defendant will be able to achieve a "level of financial independence which would eliminate" her need to rely on the plaintiff's support (D'Iorio v D'Iorio, 135 AD3d 693, 696 [internal quotation marks omitted]; see Marin v Marin, 148 AD3d 1132, 1135). Furthermore, the court improvidently exercised its discretion in imputing income to the defendant in the sum of $30,000 for the purpose of calculating maintenance, since there was no evidence that her past income or demonstrated future potential earning capacity amounted to $30,000 or any amount close to that (see O'Brien v O'Brien, 163 AD3d 694, 695; D'Amico v D'Amico, 66 AD3d 951, 951-952). Under the circumstances, we conclude that an award of maintenance in the sum of $3,000 per month until the defendant becomes eligible to receive full social security retirement benefits is appropriate (see Beyel v Beyel, 173 AD3d 1129, 1130).
"The decision to award an attorney's fee in a matrimonial action lies, in the first instance, in the discretion of the trial court and then in the Appellate Division whose discretionary authority is as broad as that of the trial court" (Klein v Klein, 178 AD3d 802, 805; see DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Beyel v Beyel, 173 AD3d at 1130). In exercising its discretion, a court should " review the financial circumstances of both parties together with all the other circumstances of the case, which may include the relative merit of the parties' positions'" (Duval v Duval, 144 AD3d at 743, quoting DeCabrera v Cabrera-Rosete, 70 NY2d at 881). In addition, the court may "consider whether either party has engaged in conduct or taken positions resulting in a delay of the proceedings or unnecessary litigation" (Prichep v Prichep, 52 AD3d 61, 64; see Margolis v Cohen, 153 AD3d 1390, 1390). Here, considering the overall financial circumstances of the parties and the circumstances of the case as a whole, we conclude that the Supreme Court should have awarded the defendant an attorney's fee in the sum of $30,000 (see Giallo-Uvino v Uvino, 165 AD3d 894, 897; Marin v Marin, 148 AD3d at 1136).
LEVENTHAL, J.P., ROMAN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court