Izhaky v Izhaky (2020 NY Slip Op 07704)





Izhaky v Izhaky


2020 NY Slip Op 07704


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Acosta, P.J., Oing, Scarpulla, Mendez, JJ. 


Index No. 307951/11 Appeal No. 12720-1270A Case No. 2019-04126 

[*1]Nina Izhaky, Plaintiff-Appellant-Respondent,
v
Dan Izhaky, also known as Daniel Izhaky, Defendant-Respondent-Appellant.


Mantel McDonough Riso, LLP, New York (Kevin M. McDonough of counsel), for appellant-respondent.
Phillip A. Greenberg, P.C., New York (Phillip A. Greenberg of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Michael L. Katz, J.), entered July 3, 2019, insofar as it rejected the portion of the September 28, 2017 report of Special Referee Lancelot B. Hewitt (report) which, after a trial: awarded the wife exclusive ownership of the marital residence, and, instead, directed it to be sold and certain debts satisfied from the sale; rejected Special Referee's determination that certain debts were solely the husband's, and, instead, treated them as marital debts; held that the wife failed to meet her burden to prove the value of the husband's business interests; and which, to the extent appealed from as limited by the briefs, awarded the wife 100% of the value of her dental practice and the condominium unit in which it operates, and held that certain loans from the wife's parents were marital debt, unanimously affirmed, without costs. Order, same court and Justice, entered February 24, 2020, insofar as it denied the wife's motion for leave to renew the order entered July 3, 2019, unanimously affirmed, without costs.
Where questions of fact are submitted to a referee, it is the referee's function to resolve the issues presented, conflicting testimony and matters of credibility, and generally courts will not disturb a referee's findings so long as his or her determination is substantiated by the record (Freedman v Freedman, 211 AD2d 580 [1st Dept 1995]). At the same time, in cases such as this one, involving references to report, the referee's findings and recommendations are advisory only; they have no binding effect and the court remains the ultimate arbiter (see CPLR 4403; Poster v Poster, 4 AD3d 145 [1st Dept 2004], lv denied 3 NY3d 605 [2004]).
The trial court properly rejected the portions of the report at issue on the wife's appeal, since, as to those issues, Special Referee did not explain his analysis.
The wife does not show reason to revisit the court's determination that the husband retained an equitable interest in the marital residence, purchased during the marriage with marital funds and marital debt. She avers this is an inequitable outcome because she bore the carrying charges on the residence, alone, for years, but the court awarded her a credit for the amounts she overpaid that should have been the husband's responsibility. She argues, as was the focus of her motion for leave to renew, that interest accrual combined with allegedly declining market values has eroded the net equity, but this argument is also unavailing. Although styled a motion for leave to renew based on new facts, her motion was in essence one to set the valuation date as of the July 3, 2019 order, but she does not show that she raised the valuation date issue to the Special Referee or to the court at any earlier juncture, including when appraisals dated as of December 2013 were proffered in the proceedings before the Special Referee. Moreover, although the order requires sale of the residence, it does not set a deadline [*2]by which the sale must occur, and the parties can accordingly time the sale to coincide with more favorable market conditions, and presumably have aligned incentives to do so. Although this will require the wife and children to relocate, the wife does not show an alternative way to ensure the debts at issue on her appeal, which we find were properly deemed marital, can be paid.
The court properly held the DLL judgment, Sperry mortgage and HSBC judgment were marital debts to be borne by both parties. The wife argues she did not consent to these loans, but cites no contemporaneous proof. She argues she did not benefit from the loan proceeds, but acknowledges the DLL loan was used to support TTS, and does not try to argue that TTS did not support the family; accordingly, the DLL line of credit to TTS was reasonably construed as having benefitted the family as well, as was the HSBC debt, which also arose in connection with TTS (Marin v Marin, 148 AD3d 1132 [2d Dept 2017]). Her arguments concerning Sperry are also unavailing. The order reflects she agreed to this mortgage in exchange for keeping her practice and office space, and that $250,000 of Sperry mortgage proceeds were paid to TTS in repayment of what TriBeCa Dental owed TTS. As the wife thus benefitted from this loan obtained during the marriage, it was appropriately deemed marital debt.
The wife does not challenge that she had the burden of proof on the issue of valuation of the husband's business, but states she met it by producing loan applications with the husband's certified statements as to the business's value, and further points out that the husband's refusal to provide proof of value and thwarting the court-appointed appraisal, led to the 2013 preclusion order in the first place. However, the court correctly found the businesses, active assets, should be valued as of the date of commencement (Grunfeld v Grunfeld, 94 NY2d 696, 707-708 [2000]), and, in turn, properly found the loan applications, which pre-dated the commencement of this action by years, were not viable proof of value (see Domestic Relations Law 236B[4][b]).
We further affirm the order to the extent cross-appealed from by the husband. The question of his ownership share in the wife's dental practice is academic, as the court-appointed neutral concluded it had no value. He avers the neutral improperly relied on the wife's records and should have probed deeper, but offers no support for his conclusory assertions. He argues he should have been awarded a portion of the value of the LLC that owns Unit C, but does not show how the court's determination that he had an insignificant role with respect to this LLC was in error, nor show a need for additional proceedings on these matters. He offers no grounds to question that amounts owed the wife's parents are marital debts, a determination that properly resulted from the Special Referee's credibility assessments of the wife's father and the evidence that the funds [*3]were used, among other things, to support the husband's businesses and to help buy the marital residence.
We have considered the parties' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020